IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.  *

Plaintiff                           *

v.                                  *        Civil Action No. 18-PX-1449

ARCH HOSPITALITY, INC., *et al*.    *

Defendants                          *
                                   *****

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Choice Hotels International, Inc.'s ("Choice" or "Plaintiff") Application to Confirm Arbitration Award, ECF No. 1, and Motion for Default Judgment, ECF No. 6. For the following reasons, Choice's request for this Court to enter default judgment in the amount of $108,670.77 is GRANTED.

**I.     Background**

On May 18, 2018, Choice filed an Application to Confirm Arbitration Award, ECF No. 1, after having obtained a judgment against Defendants Arch Hospitality, Inc. and Rashmikant Patel (collectively, "Defendants") in arbitration proceedings. Choice and Defendants had entered into a franchise agreement in the State of Maryland, on or about June 30, 2010, that provided for arbitration as its dispute resolution mechanism for breach of the agreement. ECF No. 1-1. Choice initiated arbitration proceedings that neither Defendant attended. ECF No. 1-2. On January 28, 2018, an "Ex Parte Award of Arbitrator" issued in the amount of $108,670.77, representing $51,528.77 in unpaid franchise fees and related fees, $18,435.60 in interest, $34.350.40 in liquidated damages, $1,356 in arbitrator compensation and $3,000 in administrative expenses. ECF No. 1-2.

Arch Hospitality, Inc. and Rashmikant Patel were properly served on June 1, 2018. ECF Nos. 4-1, -2. Defendants failed to respond to Choice's Motion or otherwise contest Choice's claims. Choice then moved for Entry of Default and Default Judgment, ECF Nos. 5, 6. Defendants did not respond to these motions, and the Clerk entered default on August 20, 2018. ECF No. 8.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, the court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Plaintiff, however, is not automatically entitled to default judgment simply because the defendant has not responded. Rather, entry of default judgment is left to the sound discretion of the court. *See, e.g.*, *Choice Hotels International, Inc. v. Ja I Shree Navdurga, LLC*, DKC 11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012); *see also Choice Hotels International, Inc. v. Austin Area Hospitality, Inc.*, TDC 15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015). Although the United States Court of Appeals for the Fourth Circuit has announced a "strong policy" in favor of deciding cases on their merits, *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a default judgment may be appropriate when a party is unresponsive. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

## III. Analysis

A plaintiff moving for default judgment "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Choice*, 2012 WL 5995248, at *2 (collecting cases).

The Federal Arbitration Act, 9 U.S.C. § 9, provides that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order[.]" Here, Plaintiff filed its motion for confirmation within one year. Section 9 further provides that this Court must grant the order unless the award is modified, vacated or corrected pursuant to sections 10 and 11 of the same Act. *Id.*

Review of an arbitration award is "severely circumscribed" because to allow for a more expansive review would "frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (citation omitted). Accordingly, this Court may vacate an arbitration award based on one of the grounds enumerated in the Federal Arbitration Act or if the arbitrator acted in manifest disregard of law. *Id.* Neither are at issue here.

Rather, the arbitration clause in the franchise agreement specifically provides for final and binding arbitration regarding any "controversy or claim arising out of or relating to" the franchise agreement. ECF No. 1-1 at 2. Although Choice's motions do not expressly identify where arbitration was held, the Franchise Agreement makes plain that it would take place in Maryland. ECF No. 1-1 at 2; *see also* Plaintiff's Application to Confirm Arbitration Award, ECF No. 1 at 3 ("The arbitration was conducted in accordance with the terms of the parties' Arbitration Agreement[.]"). The parties are also diverse, and the amount of the arbitration award for which the Plaintiff seeks confirmation exceeds the jurisdictional minimum for diversity jurisdiction in this Court. *See* 28 U.S.C. § 1332(a). The pleadings before this Court, therefore, demonstrate that the arbitration award can and should be confirmed.

The arbitrator awarded Plaintiff $108,670.77, which was comprised of $51,528.77 in unpaid franchise fees and related fees, $18,435.60 in interest, $34.350.40 in liquidated damages, $1,356 in arbitrator compensation and $3,000 in administrative expenses.  ECF No. 1-2.  Plaintiff requests entry of a default judgment in that amount, "plus post-judgment interest until paid and $400 for the costs of this action."  ECF No. 6.  The Court grants entry of $108,670.77 plus $400 in costs.  As for post-judgment interest, "the court need not specifically grant an award of post-judgment interest because Plaintiff is entitled to recover such interest by operation of law."  *Choice*, 2012 WL 5995248, at *3*; see* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").  Plaintiff has demonstrated that it is entitled to the remaining requested award and a default judgment in that amount will be entered.

## IV.    Conclusion

For the above-stated reasons, Plaintiff Choice's motion for default judgment is granted.  A separate order will follow.

| 10/5/2018 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |